IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SMARTRAC IP B.V., <br><br> Plaintiff, <br><br> v. <br><br> SAFEGUARD BUSINESS SYSTEMS, INC., USFI, INC., DOUGLAS RITTER, and DOES 1-10, <br><br> Defendants. | Civil Action No. 3:16-CV-3302 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

SMARTRAC IP B.V. ("Smartrac"), by its attorneys, files this Complaint for infringement of U.S. Patent Nos. 6,233,818 (the "'818 Patent") and 6,088,230 (the "'230 Patent") against Defendants Safeguard Business Systems, Inc. ("Safeguard"), USFI, Inc. ("USFI"), Douglas Ritter ("Ritter"), and Does 1-10. A copy of the patents are filed herewith as Exhibits A and B.

## PARTIES

1. Smartrac is a Dutch B.V. which holds all rights, title and interest to the '818 and '230 Patents, with its headquarters located at Strawinskylaan 851, 1077XX, Amsterdam, the Netherlands.

2. Smartrac is wholly-owned by SMARTRAC N.V. SMARTRAC N.V. is a leading supplier of components used in Radio Frequency Identification (RFID) systems. SMARTRAC N.V., in and through its subsidiaries, produces components including standard and customized inlays for contactless transmission of data.

1

3.     Safeguard is a Delaware corporation with its principal place of business located at 8585 Stemmons Freeway, Suite 600N, Dallas, Texas 75247.

4.     Upon information and belief, USFI was, at the relevant time for purposes of the present litigation, a Texas corporation with its principal offices located at 12100 Ford Road, Dallas, Texas 75234.

5.     Upon information and belief, Safeguard acquired the assets of USFI on July 1, 2015; the business previously operating as USFI, Inc. now operates as a business unit of Safeguard with its offices located at 12100 Ford Road, Dallas, Texas 75234.

6.     Upon information and belief, the business of USFI (both pre-acquisition when operating as USFI, Inc., and post-acquisition when operating as a business unit of Safeguard) sources and resells infringing RFID cards in the United States to, among others, the hospitality industry for use as hotel room key cards.

7.     Prior to Safeguard's acquisition of the assets of USFI, Inc., Defendant Douglas Ritter was President of USFI, Inc.  Mr. Ritter is currently President and General Manager of the USFI business unit of Safeguard, operating out of the offices at 12100 Ford Road, Dallas, Texas 75234.

8.     Defendants Does 1 through 10 are individuals whose names and addresses are unknown.  Upon information and belief, Does 1 through 10 are individuals who may be liable for the infringing activity of USFI prior to its acquisition by Safeguard, as owners, officers, agents, servants, and/or employees of USFI.  Smartrac believes that information obtained in discovery may lead to the identification of additional parties to be added to this Complaint as defendants.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, § 1, et seq.

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), and 1400(b).

## COUNT I
## Infringement of the '818 Patent

12. The allegations of paragraphs 1 through 11 are incorporated by reference into this Count I as though fully set forth herein.

13. Smartrac is the owner by assignment of all right, title, and interest in the '818 Patent entitled "Method and Device for Bonding a Wire Connector." The '818 Patent was duly and legally issued by the U.S. Patent and Trademark Office on May 22, 2001. A copy of the '818 Patent is attached hereto as Exhibit A.

14. The '818 Patent describes processes for the contacting of a wire conductor in the course of the manufacture of a transponder unit arranged on a substrate.

15. Upon information and belief, prior to the acquisition of its assets by Safeguard, USFI infringed at least claim 1 of the '818 Patent by importing into the United States, or using, offering to sell, or selling (directly or through intermediaries), in the United States, RFID cards for use in the hospitality industry which were made by a process which infringes the '818 Patent literally or under the doctrine of equivalents, without such products having been materially changed by subsequent processes or becoming a trivial and nonessential component of another product.

16. Upon information and belief, after it acquired the assets of USFI, Safeguard has infringed at least claim 1 of the '818 Patent by importing into the United States, or using, offering to sell, or selling (directly or through intermediaries), in the United States, RFID cards for use in the hospitality industry which were made by a process which infringes the '818 Patent literally or under the doctrine of equivalents, without such products having been materially changed by subsequent processes or becoming a trivial and nonessential component of another product.

17. Upon information and belief, a substantial portion of the RFID cards that USFI and Safeguard have sourced and resold in the United States were manufactured by use of an infringing process abroad, such that Smartrac is without an adequate remedy under Title 35 of United States Code for such manufacturers' infringement of the process claims of the '818 Patent. Therefore, USFI and Safeguard are liable for such infringement of the '818 Patent under 35 U.S.C. §271(g).

18. Upon information and belief, the infringing RFID cards include a substrate and a chip unit to which two ends of a wire coil are connected. The wire coil ends are guided over and away from the terminal area of the chip unit and a direct connection of the wire coil ends to the terminal area of the chip unit is effected. Exhibit C filed herewith is an x-ray analysis performed by Smartrac on exemplary cards sourced from USFI, which on information and belief reflect a configuration of the chip unit and wire coil that appear to be manufactured by the '818 patented method. Smartrac expects that discovery in the context of the present litigation will provide greater detail supporting its infringement allegations.

19. USFI had notice of the '818 Patent at least as early as March 16, 2015, when Smartrac sent a letter to USFI identifying the '818 Patent and notifying USFI of its infringement. The March 16, 2015 letter identified an exemplary claim from the '818 Patent being infringed by USFI, and attached both a copy of the '818 Patent and the aforementioned x-ray analysis of USFI

card samples (attached hereto as Exhibit C). On April 12, 2015, having heard nothing in response to its earlier letter, Smartrac sent a follow-up email to Defendant Douglas Ritter; Mr. Ritter responded via email on April 16, 2015, acknowledging receipt of the letter and email.

20. After the July 2015 acquisition, Safeguard was put on notice of the '818 Patent at least as early as September 28, 2015, when counsel for Smartrac sent correspondence to Mr. Ritter following up on Smartrac's March 16, 2015 letter and April 12, 2015 email.

21. Upon information and belief, Safeguard asserts that it has no liability for the infringing activity of USFI that occurred prior to the July 2015 acquisition. Thus, Smartrac names herein USFI as a defendant for the pre-acquisition infringement of the '818 patent. And, to the extent USFI no longer has assets sufficient to satisfy a judgment against it for such pre-acquisition infringement, Smartrac asserts that Mr. Ritter and/or Does 1-10 are personally liable for such infringement based on the Court's equitable discretion to pierce the corporate veil.

22. Upon information and belief, the continued infringement of the '818 Patent by USFI and Safeguard after notice has been willful.

23. Smartrac has been irreparably harmed by, and has incurred damages as a result of, such infringement of the '818 Patent.

**COUNT II**
**Infringement of the '230 Patent**

24. The allegations contained in paragraphs 1 through 23 above are incorporated by reference into this Count II as though fully set forth herein.

25. Smartrac is the owner by assignment of all right, title, and interest in the '230 Patent entitled "Procedure for Producing a Chip Mounting Board and Chip-Mounting Board Thus Produced." The '230 Patent was duly and legally issued by the U.S. Patent and Trademark Office on July 11, 2000. A copy of the '230 Patent is attached hereto as Exhibit B.

26. The '230 Patent describes a chip and coil mounted on a common substrate, with the wire ends of the coil connected to the contact surfaces of the chip.

27. Upon information and belief, USFI infringed, literally and/or under the doctrine of equivalents, at least claim 7 of the '230 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in the United States RFID cards for use in the hospitality industry.

28. Upon information and belief, the infringing RFID cards include a substrate and a chip unit to which two ends of a wire coil are connected. The wire coil ends are connected to the contact surfaces of the chip unit, and the coil is positioned on and bonded to the substrate. Exhibit C filed herewith is an x-ray analysis performed by Smartrac on exemplary cards sourced from USFI, which on information and belief reflect a configuration of the chip unit and wire coil that infringes the '230 Patent. Smartrac expects that discovery in the context of the present litigation will provide greater detail supporting its infringement allegations.

29. USFI had notice of the '230 Patent at least as early as March 16, 2015, when Smartrac sent a letter to USFI identifying the '230 Patent and notifying USFI of its infringement. The March 16, 2015 letter identified an exemplary claim from the '230 Patent being infringed by USFI, and attached both a copy of the '230 Patent and the aforementioned x-ray analysis of USFI card samples (attached hereto as Exhibit C). On April 12, 2015, having heard nothing in response to its earlier letter, Smartrac sent a follow-up email to Defendant Douglas Ritter; Mr. Ritter responded via email on April 16, 2015, acknowledging receipt of the letter and email.

30. Upon information and belief, USFI's continued infringement of the '230 Patent after notice was willful.

31. Smartrac incurred damages as a result of the direct infringement by USFI of the ’230 Patent.

**REQUEST FOR RELIEF**

WHEREFORE, Smartrac respectfully requests that the Court enter a judgment:

(a) Declaring that USFI and Safeguard have infringed the ’818 Patent;

(b) Declaring that USFI has infringed the ’230 Patent;

(c) Declaring that, in the event USFI did not retain assets sufficient to satisfy a judgment against it for patent infringement that occurred prior to its acquisition by Safeguard, Douglas Ritter and/or Does 1-10 are personally liable to satisfy said judgment by piercing the corporate veil, as may be required by equity;

(d) Ordering that Safeguard, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with Safeguard, be enjoined and restrained from further infringing the ’818 Patent;

(c) Awarding Smartrac all relief available under the patent laws of the United States, including but not limited to monetary damages, including prejudgment interest, and enhanced damages based on Defendants’ willful infringement;

(d) Awarding Smartrac its costs and reasonable attorney’s fees in respect thereto in accordance with 35 U.S.C. §§ 284-85; and

(e) Granting Smartrac such other relief as the Court deems just and equitable.

**JURY DEMAND**

Smartrac hereby demands a trial by jury on all issues so triable.

Submitted: November 28, 2016.    Respectfully Submitted,

*/s/ Mark D. Strachan*
Mark D. Strachan
TX SB No. 19351500
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX  75270
T: 214-939-8700 / F: 214-939-8787
Email: mstrachan@swtriallaw.com

Kimberly A. Mottley
*[pro hac vice forthcoming]*
PROSKAUER  ROSE LLP
One International Place
Boston, Massachusetts 02110
T: 617-526-9600/ F: 617-526-9899
Email: kmottley@proskauer.com

*Attorneys for Plaintiff SMARTRAC IP B.V.*